```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


GAIL W. BROWN                                   CIVIL ACTION

VERSUS                                          NO. 04-3186

VANDERBILT CATHOLIC HIGH SCHOOL                 SECTION "F"
and THE DIOCESE OF HOUMA-THIBODAUX
```

ORDER AND REASONS

Before the Court is defendant School Food's Motion for Summary Judgment. For the reasons that follow, the defendant's motion is GRANTED.

Background

Gail Brown, an African-American, worked as a Food Technician for School Food and Nutrition Services of New Orleans from 1999 to February 12, 2004. During her employment with School Food, she was written up and disciplined several times for insubordination and inappropriate conduct. After an altercation with a white employee, Alice Boudreaux on January 29, 2003, Ms. Brown was issued an Employee Warning Notice that noted: "Gail will be suspended on 1-31-03 because of her most recent outburst...any future occurrence of unacceptable behavior will result in termination of her employment." The Warning also noted that she had previously been warned about her conduct five other times.

School Food fired Ms. Brown on February 12, 2004. The Exit

1

Interview Termination form, completed by School Foods Assistant Director Patricia Adams, stated that the primary reasons for termination were "insubordination" and "failed to follow instructions"; the form further provided:

> On 1-29-03, Gail was warned for the final time that if there were further instances of unacceptable behavior she would be discharged from her employment with SFS. Between 1-26-04 and 1-30-04 there have been 3 incidents of insubordination and/or failing to follow instructions....

On July 27, 2004, Ms. Brown filed a Charge of Discrimination with the Equal Employment Opportunity Commission. In the Charge, she asserted that she was discriminated against in violation of Title VII because of her race, explaining:

> During my employment, I have received write-ups and a suspension. On February 9, 2004, I had a confrontation with a white co-worker. The white co-worker quit. On February 12, 2004, Ms. Pat Adams informed me that I was fired because on January 20, 2004, I stayed on the premises until 10:30, after I signed out; I was told by my supervisor to order lettuce and I told her it was not my job; I've received a lot of write-ups over the years and last year I received a suspension and the supervisor had to stop working to tell me and Alice (white co-worker), to stop arguing. Other employees, Black and white, have received write-ups and have arguments and have not been terminated.

The EEOC issued a Dismissal and Notice of Rights letter to Ms. Brown on August 27, 2004. On November 22, 2004, Ms. Brown sued Vandebilt Catholic High School and the Diocese of Houma-Thibodaux;

she eventually added School Food as a defendant.  The Court granted summary judgment in favor of Vandebilt Catholic High School and the Diocese of Houma-Thibodaux on November 6, 2006; Ms. Brown did not oppose that motion.  But as to School Food, she makes claims for racial discrimination in violation of Title VII of the Civil Rights Act and 42 U.S.C. § 1981, as well as a state law claim.

School Food correctly requests summary judgment.

### I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment is also proper if the party opposing the motion fails to establish

an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II.  Law and Analysis

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's...sex."  42 U.S.C. § 2000e-2(a)(1).

The McDonnell Douglas burden-shifting framework applies to Title VII race discrimination claims where there is no direct evidence of discrimination.[1]  This three-part test allocates the burden of proof by first requiring the plaintiff to present a prima

---

[1] This same framework applies to plaintiff's § 1981 claim, so the Court need not separately analyze that claim.  See Taylor v. Peerless Industries, Inc., 2006 WL 3230150, at *1 n. 5 (5th Cir. Nov. 8, 2006).

4

facie case of discrimination.  To establish a prima facie case, a plaintiff must show that "(1) she belongs to a protected group; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was replaced by someone outside of the protected class." Price v. Fed. Express Corp., 283 F.3d 715, 720 (5th Cir. 2002).  If the plaintiff establishes her prima facie case, "a presumption of discrimination arises and ... the burden shifts to the defendant to produce a legitimate, nondiscriminatory justification for its actions.  Id.

The defendant can satisfy its burden "by producing evidence, which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action."  Id.  If the defendant discharges its burden, "the mandatory inference of discrimination created by the plaintiff's prima facie case drops out."  Id.

The plaintiff, however, then has the opportunity to show that the defendant's alleged nondiscriminatory reason is pretextual.  To defeat summary judgment on this third step, "the plaintiff must substantiate [her] claim of pretext through evidence demonstrating that discrimination lay at the heart of the employer's decision." Id.

School Food contends that the plaintiff fails to establish the fourth element of her prima facie case because she was replaced by an African American employee.  School Food submits an affidavit

5

stating that Ms. Brown's "position was filled by an African American." But the plaintiff disputes this, saying that she was replaced by a "white woman named Faye." She offers nothing in support.

Assuming the plaintiff presents a prima facie case by proving that a white woman named Faye replaced her, the plaintiff fails to show that the defendant's nondiscriminatory reason for firing her was pretextual. The defendant contends that it fired Ms. Brown because, after many many warnings, supported on this record, she continued to be insubordinate. Indeed, the record instructs Ms. Brown was repeatedly disciplined for insubordination and for being uncooperative in January 2003 (and on five prior occasions); she was warned in January 2003 that she would be fired for further, future unacceptable conduct. Her termination notice reminds her that there were three instances of insubordination or failure to follow instructions since her warning and suspension in January 2003. The record establishes her rather remarkable conduct.

Ms. Brown suggests that the defendant's asserted reason for firing her is a pretext for discrimination. The Court disagrees; the plaintiff has failed to present evidence from which a factfinder could conclude that the defendant's proffered reason, that Ms. Brown was fired for repeated insubordination, is false. Ms. Brown suggests that, after her altercation with Ms. Boudreaux, she was disciplined more harshly. However, she has failed to

establish that she and Ms. Boudreaux were treated differently under circumstances "nearly identical" to hers.  See Little v. Republic Refining Co., Ltd., 924 F.2d 93, 97 (5th Cir. 1991).  Indeed, this plaintiff was disciplined several times before her altercation with Ms. Boudreaux and she was clearly was warned that she would be fired if her misconduct continued.  To survive summary judgment, Ms. Brown must show that she was similarly situated to employees who received more favorable treatment.  She fails to do so.  See id.  She says that Ms. Boudreaux was not written-up for their altercation, although Brown was suspended.  However, she presents no evidence of this or any other evidence that she and Ms. Boudreaux had nearly identical employment histories such that they should have been identically disciplined.

Thus, Ms. Brown's suggestion of pretext based on disparate treatment "does not support an inference that intentional discrimination was the real reason" for her termination.  See Price, 283 F.3d at 724.  Her employment disciplinary record at School Food speaks for itself; she raises no genuine issue of material fact to support her claim that she was fired because of her race rather than because of her repeated recorded misconduct at work.[2]

---

[2] The Court notes that the plaintiff does not suggest in her opposing brief that this case is a "mixed motive" rather than "pretext" claim. In other words, the plaintiff's brief focuses on her contention that she was treated differently (and ultimately fired) because of her race whereas other white employees were not;

Accordingly, School Food's motion for summary judgment is GRANTED.  The plaintiff's claims are hereby dismissed.[3]

New Orleans, Louisiana, January 17, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

she characterizes School Food's reason for firing her as pretextual But she also acknowledges that she was disciplined often.  For this reason, the Court notes that, even if the Court treated this as a mixed motive case and applied a modified McDonnel Douglas framework, the same result would be reached on this record.  See Keelan v. Majesco Software, Inc., 407 F.3d 332 (5th Cir. 2005) (noting that the Supreme Court decision of Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003) modified the analysis for mixed motive cases); see also Taylor, 2006 WL 3230150, at *1 (noting that the "modified McDonnell Douglas minuet comes into play in the so-called mixed motive cases, those in which the defendant's proffered reason, even if true, is but one of two or more reasons for its employment decision, another "motivating factor" being the plaintiff's protected classification).  Not only has the plaintiff failed to show that her race was a motivating factor in her termination, but the record shows that she would have been fired regardless of discriminatory intent:  Ms. Brown was disciplined on numerous occasions and warned in writing that she would be fired if she continued to be uncooperative.  She continued to be uncooperative and was fired.  She has submitted no evidence that race played a part in her termination; her subjective belief that she was discriminated against cannot survive summary judgment. Neither can her cavalier self-serving assertion that "Faye" was white, in the face of an affidavit under oath.

[3] All of the plaintiff's claims are dismissed.  The plaintiff did not file an opposition to the portion of School Food's motion for summary judgment on the plaintiff's state law claim.

8